Larry D. POSTON, Appellant,

v.

Viola WORLAND and Loyd
Davidson, Respondents.

No. 38113.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 7, 1977.

McQuie & Deiter, Daniel W. Deiter,
Montgomery City, for appellant.

Van Matre & Van Matre, William W.
Van Matre, Mexico, for respondents.

CLEMENS, Presiding Judge.

Plaintiff Larry Poston is the record owner of a 20-acre tract of unimproved land. Defendant Viola Worland is in possession of 11.5 acres thereof which lies between the parties' farms. Plaintiff Poston sued for possession and to quiet title to the 11.5-acre tract *and* defendant Worland counterclaimed, alleging she had acquired title to the tract by adverse possession. (§ 516.010, RSMo.1969). The trial court denied plaintiff's petition and found for defendant on her adverse possession counterclaim.

Plaintiff appeals, contending defendant failed to prove she had been in adverse, hostile, actual, open and notorious possession for ten years, as was found by the trial court.

In our review we give due regard to the trial court's ability to judge the credibility of the witnesses. No specific findings of fact having been made or requested we assume the trial court found as true those facts tending to support its finding of defendant's adverse possession. Rule 73.01, 3(b) and 1(b).

So considering the evidence tending to support adverse possession, we relate the facts. The 20-acre tract is an irregular rectangle lying on the east side of plaintiff's farm and on the west side of defendant's farm. Down the central part of the 20-acre tract runs the "x-fence," the disputed boundary. The tract in dispute lies to the east of the x-fence and adjoins the west side of defendant's farm.

A core issue at trial concerned the erection of the x-fence. Defendant Viola Worland and her husband, now deceased, bought their farm in 1959, and along with the seller walked the purported boundaries. On the west side they found an old, fallen fence, purportedly the farm's west boundary. Early in 1960 the Worlands bought metal posts and barbed wire and built the x-fence along the line of the old fence. This evidence is undisputed except for several of plaintiff's witnesses who testified the x-fence was not built until later in the 1960's.

The north end of the x-fence meets a county road running through plaintiff's farm. Because the fence runs south through rough, wooded land, it is visible from the county road for only some 50 yards, but from plaintiff's adjoining farm the fence is visible for its entire length. At the northwest corner of the disputed 11.5-acre tract, where it adjoins the county road, defendant in 1960 put up a "no trespassing"

sign and maintained it there until trial time.

As soon as defendant and her husband completed the x-fence in 1960 they bought 100 head of feeder cattle and began pasturing them up to the x-fence. Defendant and her tenant-son have continued to so use the disputed 11.5-acre tract. Neither plaintiff nor his predecessor in title has ever attempted to use the disputed tract nor challenged plaintiff's exclusive use of it.

We have considered the evidence in the light of the remarkably parallel case of *Moss v. James*, 411 S.W.2d 104[1, 2] (Mo. 1967), where it was held the evidence met the test of title by adverse possession: "There are five essential elements necessary to constitute an effective adverse possession: First, the possession must be hostile, and under a claim of right; second, it must be actual; third, it must be open and notorious; fourth, it must be exclusive; and fifth, it must be continuous." Plaintiff challenges each of these five elements but his arguments are based generally on his own favorable evidence and on cases factually unlike the case before us.

We find each of the required legal elements was met by substantial evidence and the trial court did not err in decreeing defendant had acquired title by adverse possession.

Judgment affirmed.

DOWD and SMITH, JJ., concur.